UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN H. SPOONER,

    Plaintiff,

v.                                                                                             Case No. 18-C-1337

BASIL M. LOEB,

    Defendant.

---

## SCREENING ORDER

---

The plaintiff, John H. Spooner, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff has paid the $400.00 filing fee. The court is required to screen all complaints brought by prisoners seeking relief. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  The court accepts the factual allegations as true and liberally construes them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  Nevertheless, the complaint's allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was visited upon him by a person or persons acting under color of state law.  *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).  In this case, Plaintiff has filed a rambling twenty-nine page complaint against Basil Loeb, his former attorney, for improperly moving for a competency exam after Plaintiff had terminated the representation.  But Loeb is not a state actor amenable to suit in a § 1983 case.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009).  Therefore, Plaintiff's claim against Loeb will be dismissed.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims.  *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this  13th  day of September, 2018.

s/ William C. Griesbach<br>
William C. Griesbach, Chief Judge<br>
United States District Court